DA 09-0169

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 372N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

JAMES DAVID LANE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 05-480
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Eric Bunn; Assistant Public Defender, Office of the State Public Defender,
Billings, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney; Ingrid Rosenquist, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  September 3, 2009

Decided:  November 3, 2009

Filed:

_____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Lane appeals from the order of the District Court denying his motion to dismiss the State's petition to revoke his probationary sentence.   We affirm.

¶3    Lane was convicted of felony DUI and was sentenced on February 13, 2006, to 13 months with the Department of Corrections (DOC), provided that if he completed a residential alcohol treatment program during that time the remainder of the 13 months would be served on probation.  This was followed by a consecutive sentence of three years with DOC, suspended.  The judgment ordered that Lane comply with 25 express conditions "during said term of probation."

¶4    Lane did not complete a residential alcohol treatment program and so was incarcerated for the first 13 months of the sentence.  He was released in March, 2007 and signed the rules of his suspended sentence, including the 25 conditions of probation. In December, 2007, Lane wrote to Judge Baugh, asking for a review of his sentence and contending that the conditions of probation applied only if he were released during the

initial 13-month portion of the sentence. Judge Baugh responded by letter, stating that "without doubt" Lane was on probation for the three suspended years of his sentence.

¶5 Among the conditions of probation in Lane's sentence was that he not drive a motor vehicle without permission of his probation officer, and that any vehicle he drove must be equipped with an ignition interlock system as required by § 61-8-731(4), MCA. The revocation proceedings from which this case arose were based upon Lane's driving a car without permission and without an ignition interlock device.

¶6 Lane moved to dismiss the probation revocation proceeding. He contended that the 25 conditions of probation in his sentence applied only if he were released on probation during the initial 13 months. Lane argued that he was under no conditions during the suspended three years of the sentence because the word "probation" was not mentioned in that paragraph of the order. Therefore, Lane contended that he could not have been the subject of a probation revocation proceeding for violating the terms of probation.

¶7 The District Court denied Lane's motion to dismiss the probation revocation proceeding and subsequently found that he had violated the conditions of probation that restricted his driving. The District Court revoked Lane's probation and sentenced him to three years, suspended, and imposed the same conditions listed in the original sentence. On appeal Lane does not contest the finding that he drove without permission and without an ignition interlock.

¶8 Lane contends that there is a technical error in the February 13, 2006 sentencing order, and therefore that he was not subject to any conditions during the three-year

3

suspended portion of the sentence. This contention is based on the presence of the word "probation" in connection with the initial 13-month portion of the sentence, and the absence of that word from the portion of the sentence describing the suspended three years.

¶9     The District Court's original 2006 sentence closely follows the format of § 61-8-731, MCA, establishing the mandatory provisions of a sentence for felony DUI upon a fourth or subsequent offense. A person convicted of a fourth or subsequent DUI must be sentenced to an initial term of 13 months but is eligible for probation if he completes a residential alcohol treatment program. That must be followed by a subsequent consecutive suspended sentence of up to five years. Section 61-8-731(1), MCA. The statute also requires "as a condition of probation" that the court impose conditions on the convicted person, including prohibiting operation of a motor vehicle without permission of the probation officer and use of an ignition interlock system if permission to drive is granted. Section 61-8-731(4), MCA.

¶10    The District Court's original 2006 sentence in Lane's case followed the statutory requirements, using language almost identical to the language in the statute. We construe the statute the same way we construe Lane's sentence: that the mandatory suspended sentence imposed by § 61-8-731(1), MCA, is served on probation as required by § 61-8-731(4), MCA. Construing the statute and Lane's sentence in any other way would render meaningless the mandatory suspended sentence required by the statute. The consecutive suspended sentence required by § 61-8-731, MCA, must be served on probation. *State v.*

4

*Kampf*, 2008 MT 198, ¶ 25, 344 Mont. 69, 186 P.3d 223.  We decline to construe Lane's February 13, 2006, sentence in a manner that would violate § 61-8-731, MCA.

¶11    The District Court therefore properly rejected Lane's motion to dismiss the probation revocation proceeding.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  The issues are clearly controlled by settled Montana law.

¶13    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS